COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


JAMES REID BOGGS, JR.

                                            MEMORANDUM OPINION* BY

v.       Record No. 1747-04-1             JUDGE JEAN HARRISON CLEMENTS
                                                  FEBRUARY 21, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
Glen A. Tyler, Judge

Gregory B. Turpin (Beverly Powell Leatherbury; Paul G. Watson IV;
Beverly Powell Leatherbury, PLC; Paul G. Watson IV, P.C., on
brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


James Reid Boggs, Jr., was convicted in a jury trial of robbery, in violation of Code

§ 18.2-58, and of the use of a firearm during the commission of robbery, in violation of Code

§ 18.2-53.1. On appeal, Boggs contends the trial court erred in admitting testimony by the police

regarding other crimes committed by his accomplices that had no relevance to the crimes for which

he was being tried. For the reasons that follow, we affirm Boggs's convictions.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

In June 2003, Boggs was indicted by a grand jury in Northampton County for robbing an Exxon service station employee on April 7, 2003, and for using a firearm while committing that robbery. In April 2004, Boggs was tried before a jury for those offenses.

At that trial, Maurice Bannister and Jerryan Barrett testified on behalf of the Commonwealth that Boggs accompanied them to the Exxon service station on April 7, 2003, and, wearing a mask and brandishing a gun, helped them rob the employee at the station.

The Commonwealth also presented the testimony of Officer David Branch and Lieutenant Roger Kennedy. Branch testified that a week after the Exxon robbery, he conducted a routine traffic stop of a vehicle driven by Bannister and occupied by Barrett. Branch further testified that, after he detected the odor of marijuana, he and Kennedy conducted a search of the vehicle. Branch stated that, in addition to marijuana, bullets, plastic bags, gloves, and masks, he and Kennedy found a moneybag, a credit card, a crowbar and bolt cutters, lottery tickets, and automobile stereo equipment in the vehicle. Asked on direct examination the significance of the latter items, Branch explained that the moneybag was significant because there "had been a couple of armed robberies" the night before. Branch further explained that the other items were significant because the credit card belonged to a man who had been robbed in Pocomoke, Maryland; there had been a recent "breaking and entering in which tool marks were left"; there had been a "breaking and entering of a convenience store and lottery tickets were taken"; and an auto body store "had recently had some stuff stolen." Boggs's counsel objected to the admission of Branch's testimony, stating, "I don't believe any of these things have anything to do with this particular case." The prosecutor responded, "It's not alleged that any of these were taken in this offense, but it is alleged that they are associated with other offenses committed by Barrett and Bannister." The trial court overruled defense counsel's objection.

Officer Branch then testified, without objection, that Bannister and Barrett had ultimately confessed and pleaded guilty to charges that they had recently robbed a man in Pocomoke and taken his credit card and that they had robbed a motel in Onley and a Days Inn hotel. The moneybag found in Bannister's car, Branch further testified, was from Days Inn.

Lieutenant Kennedy also testified at trial regarding other crimes committed by Bannister and Barrett. He testified, on direct examination, that, following their arrest, Bannister and Barrett confessed to engaging in a crime spree that, in addition to the Exxon robbery, involved the robbery of a man in Pocomoke, Maryland; the robbery of a motel in Onley; the breaking and entering of a B&B Market in Machipongo and the theft from that store of 2,500 lottery tickets; the robbery of a Days Inn hotel in Kiptopeake; the breaking and entering at two area storage facilities; the breaking and entering and larceny at Burger King restaurants in Exmore and Accomac; and the breaking and entering and larceny at an auto body store in Accomac. Lieutenant Kennedy further testified that credit cards from the Maryland robbery, gloves used in the Days Inn robbery, and a moneybag from Days Inn were found during the search of Bannister's car after the traffic stop. Boggs lodged no objection to Kennedy's testimony.

At the conclusion of the trial, the jury convicted Boggs of the charged offenses, and this appeal followed.

## II. ANALYSIS

On appeal, Boggs asserts that the Commonwealth's evidence regarding crimes committed by Bannister and Barrett that were unrelated to the Exxon robbery was irrelevant and prejudiced him in the eyes of the jury. Accordingly, Boggs argues, the testimony of Officer Branch and Lieutenant Kennedy concerning those other crimes was inadmissible and the trial court erred in permitting the Commonwealth to present it over his objection.

> "It is a well settled and obviously sound general rule that an
> objection to evidence cannot be availed of by a party who has, at

- 3 -

some other time during the trial, voluntarily elicited the same evidence, or has permitted it to be brought out by his adversary without objection. The rule finds its most frequent application in cases where the party making the objection afterwards introduces the same evidence, but it is properly and logically applicable in any case, regardless of the order of introduction, if the party who has brought out the evidence in question, or who has permitted it to be brought out, can be fairly held responsible for its presence in the case."

Burns v. Bd. of Supervisors of Stafford County, 227 Va. 354, 363-64, 315 S.E.2d 856, 862 (1984) (emphases omitted) (quoting Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923)). Thus, "a well-taken exception to the admissibility of certain evidence [is] waived by the failure to object to the same evidence subsequently introduced." Philip Greenberg, Inc. v. Dunville, 166 Va. 398, 404, 185 S.E. 892, 894 (1936); see Portner v. Portner's Ex'rs, 133 Va. 251, 263, 112 S.E. 762, 766 (1922) (holding that, "if it had been error to admit [the challenged evidence] in the first place, subsequent introduction of the same evidence without objection constituted a waiver of the previous objection"); Charles E. Friend, The Law of Evidence in Virginia § 8-4, at 295 (6th ed. 2003) ("Waiver is found where . . . [t]he objecting party fails to object to the same evidence when subsequently introduced by the opponent." (emphasis omitted)).

It is clear from the record in this case that Boggs objected to the evidence regarding the other crimes committed by Bannister and Barrett when that evidence was first elicited at trial during the testimony of Officer Branch. He failed, however, to restate his objection when Branch further testified regarding those crimes. He likewise failed to object when the prosecutor brought out much of the same evidence during the testimony of Lieutenant Kennedy. Indeed, Boggs remained silent while Lieutenant Kennedy testified about the search of Bannister's vehicle after the traffic stop, the items discovered pursuant to that search, the significance of those items with respect to crimes other than the Exxon robbery, and the involvement of

- 4 -

Bannister and Barrett in those other crimes.  By failing to restate his initial objection, Boggs permitted the Commonwealth to bring the evidence he now challenges on appeal into the case. As a result, Boggs can fairly be held responsible for its presence therein.

We conclude, therefore, that Boggs waived his objection to the admission of the Commonwealth's evidence regarding the other crimes committed by Bannister and Barrett. Because Boggs waived his objection to the admission of that evidence, we cannot say the trial court erred in admitting it.  See Burns, 227 Va. at 364, 315 S.E.2d at 862 (holding that "it was not error for the trial court to permit" certain testimony where the objecting party's objection to that testimony was waived).

For these reasons, we affirm Boggs's convictions.

Affirmed.